UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **NICHOLAS MAYHUE** | § | |
| **VS.** | § | **CIVIL NO. 4:14cv_____** |
| **JUSTIN BACHMAN** | § | **JURY DEMAND** |

## COMPLAINT

Nicholas Mayhue ("Mayhue"), through his attorney, brings this action pursuant to 42 U.S.C. § 1983 against Justin Bachman ("Bachman"), a police officer in Bells, Texas, in his individual and official capacity, for excessive force, in violation of the Fourth and Fourteenth Amendment. Additionally, Mr. Mayhue is asserting a state pendent tort claim against Officer Bachman in his individual capacity for assault. This action is brought regarding Defendant's acts the night of December 4, 2012, in which he shot Mayhue for simply fleeing from him when he was attempting to detain Mayhue while he confirmed a warrant.

Mr. Mayhue is seeking $500,000 in actual damages, $ 5,000,000 in punitive damages and reasonable attorney fees pursuant to 42 U.S.C. § 1988.

## Jurisdiction

The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331. The Court has jurisdiction over the state pendent tort claims pursuant to 28 U.S.C. § 1367.

## **Factual and Procedural History**

1. On the evening of December 4, 2012, Mayhue and Mark Donihoo were walking down a street in Bells, Texas. They were committing no criminal offense.

2. Bachman pulled behind Mayhue and Mr. Donihoo and detained them with the lights from his police cruiser.

3. Bachman asked the two for identification and they complied.

4. Bachman asked Mayhue to empty his pockets for officer safety and he complied, including laying a pocket knife on the patrol car.

5. Bachman called dispatch from his car and received word of a possible warrant out of North Carolina for Mayhue.

6. As Bachman approached Mayhue to detain him in handcuffs, Mayhue took off running.

7. Bachman began to chase Mayhue and pulled out his 9mm service pistol. Bachman yelled "stop" three or four times, then shot at Mayhue with the intent to kill him. The bullet went through Mayhue's elbow.

8. Mayhue did nothing to justify the shooting by the officer, but simply evaded arrest or detention. There was no probable cause that Mayhue posed a significant threat of death or serious bodily injury to the officer or others.

9. Mayhue suffered physical pain including serious bodily injury, physical impairment, illness, loss of the normal use of his right arm for his employment and trade, loss of earning capacity, emotional distress, severe mental and emotional anguish, and other injuries as a result of Defendant's actions on December 4, 2012. Mayhue suffered actual as well as special damages as a result of Defendants' conduct. His injuries are permanent.

## Analysis

**Excessive Force**

In order to succeed on a § 1983 claim that the defendants violated his Fourth Amendment right against excessive force, a plaintiff must show that he was seized and that he "suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable." *Flores v. City of Palacios,* 381 F.3d 391, 396 (5th Cir. 2004) (citations and internal quotation marks omitted); *Goodson v. City of Corpus Christi,* 202 F.3d 730, 740 (5th Cir. 2000). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Conner,* 490 U.S. 386, 396, 109 S.Ct. 1865 (1989). In this "reasonableness" inquiry, the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or

motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional. *Id.* at 397. It is excessive force to shoot a suspect, even a felony suspect, for the act of flight alone. *Tennessee v. Garner,* 471 U.S. 1 (1985).

In the present case, Bachman's actions demonstrate objectively unreasonable force that no reasonable officer would believed to be reasonable. He shot Mayhue for simply fleeing from him.

**Assault and Battery**

An assault and battery occurs when a person knowingly, intentionally or recklessly causes bodily injury to another. *Thomas v. Holder,* 836 S.W.2d 351, 353 (Tex**.** App.--Tyler 1992, no writ). In this case, Officer Bachman knowingly, intentionally or recklessly caused bodily injury to Mr. Mayhue by shooting him.

**Attorney's Fees**

42 U.S.C. § 1988 provides, in relevant part: "In any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). In *Farrar v. Hobby,* 506 U.S. 103, 113 S.Ct. 566 (1992), the Supreme Court stated in the context of fees under § 1988:

> Therefore, to qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought . . . or comparable relief through a consent decree or settlement . . . . Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement. Otherwise the judgment or settlement cannot be said to "affect the behavior of the defendant toward the plaintiff." Only under these circumstances can civil rights litigation effect "the material alteration of the legal relationship of the parties" and thereby transform the plaintiff into a prevailing party. In short, a plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.

*Id.* at 111-12 (alteration in original) (internal citations omitted).

## CONCLUSION AND PRAYER

Nicholas Mayhue has suffered tremendously as a result of Defendant's conduct. This includes physical, mental and emotional injuries that are longstanding for which he may never recover.

Nicholas Mayhue requests a jury trial. Nicholas Mayhue requests $500,000 in compensatory and special damages and $5,000,000 in punitive damages. Additionally, Nicholas Mayhue is requesting reasonable attorneys fees pursuant to 42 U.S.C. § 1988, as well as attorneys' fees as a prevailing party under Texas law, and prejudgment and postjudgment interest as entitled to by law.

Respectfully submitted,

/s/ *Micah Belden*
Micah Belden
Attorney for Nicholas Mayhue
SBN 24044294
711 N. Travis
Sherman, Texas 75090
P.: 903-744-4252
F.: 903-893-1734